

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN 2 9 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MANUEL CRIADO, §
§
            Plaintiff, §
§
§
VS. § NO. 4:11-CV-808-A
§
B.S. BANES, §
§
            Defendant. §

## MEMORANDUM OPINION
and
## ORDER

Came on for consideration the motion for summary judgment
filed in the above-captioned action by defendant, B.S. Banes.
Defendant filed a brief in support of his motion, as well as an
appendix. Plaintiff, Manuel Criado, did not file a response.
Having considered plaintiff's original complaint, amended
complaint, the motion and accompanying documents, the entire
summary judgment record, and applicable legal authorities, the
court concludes that the motion should be granted.

I.

### Plaintiff's Claims

Plaintiff brought this action pursuant to 42 U.S.C. § 1983,
alleging excessive use of force by defendant in the course of
arresting plaintiff. In his amended complaint, plaintiff alleges
that defendant (1) threw plaintiff to the street and landed on

him, causing a shoulder injury, (2) did not attempt to place plaintiff in handcuffs while beating plaintiff until defendant noticed that witnesses were watching, and (3) punched him in the mouth and face, causing a bruised mouth and cut lip.[1]  Plaintiff also alleges that his injuries required x-rays and medication, and that he had permanent damage to his head and jaw.[2]

## II.

### The Summary Judgment Motion

Defendant argues for summary judgment on the grounds that he is entitled to qualified immunity.  He contends that he was acting within the course and scope of his authority as a Fort Worth police officer, that he performed his discretionary duties in good faith, that his conduct was objectively reasonable and did not violate any of plaintiff's clearly established constitutional rights, and that plaintiff cannot present evidence sufficient to overcome defendant's qualified immunity defense.

---

[1] Plaintiff originally named two defendants in this action, Banes and Corporal Farmer ("Farmer").  On March 5, 2012, the court dismissed all claims and causes of action asserted by plaintiff against Farmer, found that plaintiff's allegations against Banes were too conclusory, and ordered plaintiff to file an amended complaint containing more specific allegations directed solely at Banes.  Plaintiff filed an amended complaint, but alleged facts regarding both Banes and Farmer and also failed to correct many of the deficiencies of the original complaint.  The court is considering only the allegations directed toward Banes for purposes of the summary judgment motion.

[2] Plaintiff does not distinguish whether Banes or Farmer caused these injuries.

III.

## Undisputed Facts[3]

Defendant is a police officer with the Fort Worth Police Department.  On December 3, 2009, defendant was on patrol in his marked police vehicle and observed plaintiff driving a Chevrolet Blazer and rolling through an intersection without stopping at a stop sign.  Defendant turned on his overhead lights to initiate a traffic stop.  Plaintiff's vehicle accelerated, slowed, accelerated again, slowed again, made a u-turn, and eventually pulled over to the curb.  Defendant pulled his police vehicle behind plaintiff's vehicle and stopped.  Plaintiff immediately exited the vehicle and began walking toward defendant with both hands in his jacket pocket.  Defendant gave loud, repeated commands for plaintiff to remove his hands from his pockets, but plaintiff failed to do so, repeatedly yelling, "What's the problem?"  Defendant then ordered plaintiff to place his hands on the back window of plaintiff's vehicle, which plaintiff did. Defendant noticed that plaintiff's hands were closed, and defendant believed plaintiff was holding keys or some other unknown objects.  Defendant held plaintiff by his jacket and

---

[3] The undisputed facts are taken from defendant's affidavit.  Because plaintiff failed to respond to the motion, the court is permitted to accept defendant's summary judgment evidence as undisputed. Bookman v. Shubzda, 945 F. Supp. 999, 1002 (N.D. Tex. 1996).

pushed plaintiff against the vehicle to control plaintiff's movements, at which time defendant repeatedly commanded plaintiff to drop the object(s) in his hands.  Plaintiff did not comply with such command, began yelling and clenching his fist, and attempted to pull away from defendant.  Defendant took plaintiff to the ground with an "arm bar take down" and continuously commanded plaintiff to stop resisting and to put his hands behind his back.  Plaintiff continued flailing his arms and legs, and then "appeared to try to reach into his coat pocket."  Def.'s Aff. at ¶ 17.  Defendant feared that plaintiff was reaching for a weapon, and struck plaintiff three times to the face and head, using a "distractionary" strike technique commonly used in law enforcement.  Then, assisting officers arrived and helped defendant place handcuffs on plaintiff.  Plaintiff was transported to jail to be booked for resisting arrest.

IV.

## Analysis

A.   Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247

4

(1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324. <u>See also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). Unsubstantiated assertions of actual dispute will not suffice. <u>Thomas v. Price</u>, 975 F.2d 231, 235 (5th Cir. 1992). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

The fact that a non-movant has failed to respond to a motion

5

for summary judgment is not itself a basis for granting the motion; however, when a movant has made a properly supported motion for summary judgment, the non-movant must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Celotex Corp., 477 U.S. at 324) (internal quotations omitted); Bookman, 945 F. Supp. at 1002. Although the court must draw all inferences in favor of the party opposing the motion, such party cannot establish a genuine issue of material fact by resting only on the allegations of the pleadings. Hulsey v. Texas, 929 F.2d 168, 170 (5th Cir. 1991). "It follows that if a plaintiff fails to respond to a properly supported summary judgment motion, [he] cannot meet [his] burden of designating specific facts showing that there is a genuine issue for trial." Bookman, 945 F. Supp. at 1004. Further, when a non-movant fails to respond to a motion for summary judgment, the court is permitted to accept the movant's evidence as undisputed. See Eversly v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Bookman, 945 F. Supp. at 1002.

B.   Qualified Immunity

Public officials, such as police officers, are entitled to qualified immunity "from liability for civil damages insofar as their conduct does not violate clearly established statutory or

6

constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991). The court may use its discretion in deciding which of the two prongs in the qualified immunity analysis to first consider in light of the circumstances of a particular case. Pearson, 555 U.S. at 236. Although qualified immunity is an affirmative defense, the plaintiff bears a heightened burden "to negate the defense once properly raised." Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir. 2008); Kovacic v. Villareal, 628 F.3d 209, 211 (5th Cir. 2010) ("Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available."). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law" from liability. Malley v. Briggs, 475 U.S. 335, 341 (1986).

As defendant has raised the qualified immunity defense, the court now considers plaintiff's claim of excessive force in the context of the qualified immunity standard. Plaintiff's claim

must be determined according to Fourth Amendment reasonableness standard, which focuses on whether an officer's actions are "objectively reasonable" in light of the facts and circumstances with which he is faced, without regard to the officer's underlying intent or motivation. Graham v. Connor, 490 U.S. 386, 395, 397 (1989). Whether the use of force is reasonable "must be judged from the perspective of a reasonable officer at the scene, rather than with the 20/20 vision of hindsight." Id. at 396. For plaintiff to overcome defendant's claim of qualified immunity, he must establish (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was (3) objectively unreasonable. Poole v. City of Shreveport, 691 F.3d 624, 628 (5th Cir. 2012).

Plaintiff has failed to produce or identify any evidence in the record to contradict defendant's affidavit, and has failed to produce or point to any evidence that could raise a material issue of fact sufficient to withstand summary judgment. First, plaintiff alleges in his amended complaint that the injuries he suffered as a result of defendant's actions were a bruised mouth and cut lip; however, plaintiff has produced no evidence of any kind regarding such injury, and the allegations in his original complaint and amended complaint do not constitute such evidence.

8

Second, plaintiff has identified no evidence that the force defendant used in subduing plaintiff was excessive to the need or that defendant's actions were clearly unreasonable under the circumstances.  Defendant in his affidavit states he observed plaintiff commit a traffic violation and initiated a traffic stop, that plaintiff exited his vehicle and yelled repeatedly, approached defendant with both hands in his pockets, refused to show his hands when defendant commanded him to do so, refused to drop objects from his clenched hands, attempted to pull away from defendant after defendant held plaintiff against the vehicle, and reached for his pocket while continuing to resist defendant.  The uncontroverted evidence shows that there was a need for the use of force, as plaintiff was behaving in an aggressive manner, disobeying commands from a police officer, and appeared to be reaching for a weapon.  Given the circumstances, a reasonable officer could have believed it was necessary to take plaintiff to the ground and attempt to subdue him by striking him three times, and it certainly was not clearly unreasonable for defendant to do so.  Traffic stops "may be dangerous encounters," Maryland v. Wilson, 519 U.S. 408, 413 (1997), and officers must have the discretion to make difficult decisions in situations that are "tense, uncertain, and rapidly evolving."  Graham, 490 U.S. at 397.  Because it was reasonable for defendant to believe that

9

plaintiff posed an immediate threat to his safety, and plaintiff has failed to show that defendant's use of force was objectively unreasonable, defendant is entitled to qualified immunity on plaintiff's excessive force claims.

IV.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff against defendant, be, and are hereby, dismissed with prejudice.

SIGNED January 29, 2013.

JOHN McBRYDE
United States District Judge